# TROY LAW, PLLC
ATTORNEYS/COUNSELORS AT LAW
Tel: (718) 762-1324   johntroy@troypllc.com   Fax (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

September 21, 2020

<u>*Via* ECF</u>
Honorable Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

Re:   Letter Motion Requesting a Pre-Motion Conference for Plaintiff's Motion for Conditional Collective Class Certification
*Qin Ye et al. v FUJI HANA RESTAURANT CORP. et al., 20-cv-02749*

Your Honor,

We represent the Plaintiffs and respectfully request a Pre-Motion conference in anticipation of Plaintiffs' intention to move for Certification of this action. Both sides have conferred about Stipulating to the MCCC but are unable to reach an agreement. Plaintiffs propose the following **briefing schedule**, as follows:

| | |
|---|---|
| **Opening Brief** | **October 2, 2020** |
| **Defendants' Opposition** | **October 16, 2020** |
| **Plaintiffs' Reply** | **October 23, 2020** |

We intend to move for collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of all employees of Defendants FUJI HANA RESTAURANT CORP. d/b/a Fuji Hana Kosher Japanese Restaurant d/b/a Fuji Hana and LORRAINE GINDI, and ESTATE OF ISADORE GINDI who have been subject to a common and unified policy of (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost, under the FLSA and additionally (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs., all of which caused Defendants' employees substantial economic harm.

Hon. Steven M. Gold, U.S.M.J.
*Ye et al v. Fuji Hana Restaurant Corp et al.,* 20-cv-02749
Page **2** of **5**

We propose that the conference be set on the same day as the initial pretrial conference currently set for September 22, 2020.

At the conference Plaintiffs expect to discuss the following relief:

1. Conditional certification of this action as a representative collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of all employees employed by Defendants within the last three years ("Prospective FLSA Collective");
2. Court-facilitated notice of this FLSA action to the Prospective Plaintiffs including a consent form (opt-in) form as authorized by the FLSA;
3. Approval of a FLSA notice of this action and consent form;
4. Production in Excel format of
    a. <u>Column A</u> Unique Numerical Identifier;
    b. <u>Column B</u> First Name;
    c. <u>Column C</u> Last Name;
    d. <u>Column D</u> Sex (Male, Female);
    e. <u>Column E</u> Nickname;
    f. <u>Column F</u> Name in Native Language (if applicable);
    g. <u>Column G and H</u> Last Known Address with apartment number (if applicable);
    h. <u>Column I</u> City and Zip Code;
    i. <u>Column J</u> Last Known Telephone Number;
    j. <u>Column K</u> Last Known Email Address,
    k. <u>Column L</u> Social Media Handles--WhatsApp Username, WeChat ID and/or FaceBook usernames (if applicable), and
    l. <u>Column M</u> Work location, if there are more than one location,
    m. <u>Column N</u> Start Date;
    n. <u>Column O</u> End Date;
    o. <u>Column P</u> position of all **current and former non-exempt and non-managerial employees** employed at any time from three years from the filing of the Complaint to the present by Defendants; and
5. Posting of the Notice, along with the consent forms, in the businesses operated by Defendants where Prospective Plaintiffs are employed during regular business hours.

## I. Background

This action began with Plaintiffs' Complaint, filed on March 9, 2017. The Complaint is filed on behalf of the named Plaintiffs and the Prospective Plaintiffs against FUJI HANA RESTAURANT CORP. d/b/a Fuji Hana Kosher Japanese Restaurant d/b/a Fuji Hana. The Individual Defendants LORRAINE GINDI, and ESTATE OF ISADORE GINDI are owners, directors, shareholders, and/or officers of FUJI HANA RESTAURANT CORP. d/b/a Fuji Hana Kosher Japanese Restaurant d/b/a Fuji Hana.

Plaintiff **LING QIN YE** was employed as a Chef from September 01, 1997 to March 18, 2020. Plaintiff LING QIN YE claimed that he worked approximately fifty-six (56) hours on average each week from September 01, 1997 to March 18, 2020; and he was paid Two Thousand Seven Hundred Fifty Dollars ($2,750.00) per month from January 01, 2014 to September 30, 2017; three thousand dollars ($3,000.00) per month from October 01, 2017 to September 30, 2018; three thousand two hundred dollars ($3,200.00) per month from October 01, 2018 to December 31, 2018; and three thousand three hundred dollars ($3,300.00) per month from November 01, 2019 to March 18, 2020.

Plaintiff **LING HUI YE** was employed as a Barbeque Chef from August 20, 2019 to March 18, 2020. Plaintiff LING HUI YE claimed that he worked approximately fifty-six (56) hours on average each week from August 20, 2019 to March 18, 2020; and he was paid Three Thousand Two Hundred Dollars ($3,200.00) per month from August 20, 2019 to October 31, 2020; and Three Thousand Three Hundred Dollars ($3,300.00) per month from November 01, 2019 to March 18, 2020.

Plaintiff **LING QIANG YE** was employed as an Oil Wok and Fry Wok from April 01, 2013 to March 18, 2020. Plaintiff LING QIANG YE claimed that he worked approximately fifty-six (56) hours on average each week from  to ; and he was paid Two Thousand Seven Hundred Fifty Dollars ($2,750.00) per month from April 01, 2013 to September 30, 2017; three thousand dollars ($3,000.00) per month from October 01, 2017 to September 30, 2018; Three Thousand Dollars ($3,000.00) per month from October 01, 2018 to October 31, 2019; and Three Thousand Two Hundred Dollars ($3,200.00) per month from November 01, 2019 to March 18, 2020.

Plaintiff **WEN KE YE** was employed as an Busboy from April 01, 2011 to March 18, 2020. Plaintiff WEN KE YE claimed that he worked approximately seventy-four (73.5) hours on average each week from January 01, 2014 to March 18, 2020; and he was paid Two Thousand Six Hundred Dollars ($2,600.00) per month from January 01, 2014 to October 31, 2019; and Two Thousand Seven Hundred Dollars ($2,700.00) per month from January 01, 2014 to March 18, 2020.

Defendants did not record Plaintiffs' hours worked and did not calculate Plaintiffs' overtime or minimum wages according to the FLSA and NJWHL. Plaintiffs' allege that Defendants willfully, regularly, and repeatedly denied him "spread of hours" pay for each work day that lasted over ten (10) hours. In addition, Defendants did not provide Plaintiffs' with written notice, in their primary language or otherwise, about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their first day of employment.

Upon information and belief, Defendants is liable to Plaintiffs and other Prospective Plaintiffs for (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost under the FLSA and additionally (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five

Hon. Steven M. Gold, U.S.M.J.
*Ye et al v. Fuji Hana Restaurant Corp et al.,* 20-cv-02749
Page **4** of **5**

thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.. All of this was done in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL).

## II.     Argument

At this early stage before discovery was commenced, collective certification and the approval of early notice is appropriate as it will protect Protective Plaintiffs' rights and interests and promote judicial economy. Notice is appropriate because at this stage, all facts known point to the conclusion that Plaintiffs and the Potential Plaintiffs are similarly situated as they all worked as employees for the Defendants that were subjected to Defendants policy that violated the law. See *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d628, 633. (S.D.N.Y. 2007)

### A. Early Notice to Similarly Situated Plaintiffs is Appropriate and Necessary

The FLSA anticipates the need for collective actions by similarly situated employees for an employer's violations of the provisions requiring the payment of at least an hourly minimum wage for all hours worked and/or of overtime compensation at least one-and-one-half times the regular rate. 29 U.S.C. § 216(b). Collective actions are favored under the law since it enables judicial efficiency and lowers the litigation expenses. See *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

### B. The Standard for Conditional Certification and Notice is Lenient

In determining whether to certify a collective action under § 216 of the FLSA, Courts in the Second Circuit use a two-step procedure. *See Myers v. Hertz Corp*, 624 F.3d at 554-55 (2d. Cir. 2010). First, at the "notice stage," the plaintiffs must establish that other employees "may be similarly situated" to them. *Id.* at 555 (internal quotation marks omitted). "Nothing more is needed at this stage of the litigation." See *Shajan v. Sammy's Fish box, Inc.*, 2010 WL 2218095, at *1 (S.D.N.Y. Apr. 24 2006). During the second stage, the District Court has a fuller record, and will "…determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." See *Myers*, 624 F.3d at 555. Where the court determines that the plaintiffs are not similarly situated, "the action

Hon. Steven M. Gold, U.S.M.J.
*Ye et al v. Fuji Hana Restaurant Corp et al.,* 20-cv-02749
Page **5** of **5**

may be "de-certified," … and the opt-in plaintiffs' claims may be dismissed without prejudice."

To prevail on a motion for conditional certification, plaintiffs need to make a "modest factual showing" that they are "similarly situated with respect to their allegations that the law has been violated." *See Hallissey v. Amer. Online, Inc.* 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008). This may be done through Plaintiffs' affidavit based on their best knowledge. *See Zhao v. Benihana, Inc.*, 2001 U.S. Dist. LEXIS 10676, at *2 (S.D.N.Y. May 7, 2001). Here, Plaintiff Zhao has every intention of submitting his declarations in support of their motion to certify a class.

### C. Discovery of Class Information is Proper and Necessary Under § 216 (b)

In collective actions, it is appropriate for a court to order the discovery of class information of potential collective members. *See Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323-24 (S.D.N.Y. 2007). Further, within the Second District, courts "routinely grant plaintiffs' motion to compel production of the names and addresses of potentially similarly situated employees who wish to 'opt-in' to a collective action." *See Anglada v. Linens n' Things, Inc.*, 2007 U.S. Dist. LEXIS 39105, at *22.

### D. Posting Would Be a Minimal Burden and Ensure the Best Notice Practicable

Posting notices of conditional certification at Defendants' of business is appropriate. "Courts routinely approve requests to post notice of conditional certification on employee bulletin boards and in other common areas even where potential members will also be notified by mail." *See Hamadou v. Hess Corp.*, 951 F. Supp.2d 651, 669 (S.D.N.Y. 2013). Due to the potential unreliability of mail notice, providing notice by posting to employees improves the chances that prospective class members will view the notice.

### III.  Conclusion

Plaintiff respectfully requests a pre-motion conference to discuss the above relief to be set to **September 22, 2020 at 03:30 PM**, to take place concurrently with the initial pretrial conference already scheduled for that date and time. Thank you for your time and consideration of this matter.

Respectfully Submitted

 /s/ John Troy
John Troy

*Attorney for Plaintiffs*

Cc: all counsel of record *via* ecf