# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342

41-25 Kissena Blvd., Suite 103, Flushing, New York 11355

January 8, 2021

<u>Via ECF</u>
Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*YE et al. v FUJI HANA RESTAURANT CORP. d/b/a Fuji Hana Kosher Japanese Restaurant d/b/a Fuji Hana et al., 20-cv-02749*

Dear Judge Gold:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

## I.   Background

Plaintiffs LING QIN YE, LING QIANG YE, LING HUI YE, and WEN KE YE were employed by Defendants FUJI HANA RESTAURANT CORP. d/b/a Fuji Hana Kosher Japanese Restaurant d/b/a Fuji Hana and LORRAINE GINDI, and RAYMOND BETESH as Executor of ESTATE OF ISADORE GINDI, (collectively, "Defendants"),

This lawsuit was originally filed on June 21, 2020, for violations of the Fair Labor Standards Act and New York Labor Law.  Plaintiffs alleged that pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiffs further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage

Hon. Steven M. Gold
Page 2

Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiffs' claims in its entirety.

## II.     The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Three Hundred Thousand Dollars ($300,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiffs claimed that they were not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiffs' Assessment

Plaintiffs' counsel evaluated Plaintiffs' potential damages by discussing with Plaintiffs in great detail the length of their employment, the nature of their work, the hours they worked, and the pay they received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiffs are as follows:

Hon. Steven M. Gold
Page 3

     Plaintiff LING QIN YE claimed that he worked approximately fifty-six (56) hours on average each week from September 01, 1997 to April 26, 2020; and he was paid Two Thousand Seven Hundred Fifty Dollars ($2,750.00) per month from January 01, 2014 to September 30, 2017; Three Thousand Dollars ($3,000.00) per month from October 01, 2017 to September 30, 2018; and Three Thousand Two Hundred Dollars ($3,200.00) per month from October 01, 2018 to December 31, 2018.

     Plaintiff LING QIN YE's unpaid wage and overtime compensation shortfall without liquidated damages under the FLSA was Fourteen Thousand Eight Hundred Twenty-Eight Dollars And Seventeen Cents ($14,828.17) and his unpaid wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was Seventy Thousand Six Hundred Thirty-Two Dollars And Twelve Cents ($70,632.12). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Twenty-Three Thousand Two Hundred Eighty-Two Dollars And Ninety-Eight Cents ($23,282.98) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is One Hundred Seventy-Four Thousand Five Hundred Forty-Seven Dollars And Twenty-Two Cents ($174,547.22).

     Plaintiff LING QIANG YE claimed that he worked approximately fifty-six (56) hours on average each week from April 01, 2013 to April 26, 2020; and he was paid Two Thousand Seven Hundred Fifty Dollars ($2,750.00) per month from January 01, 2014 to September 30, 2017; Three Thousand Dollars ($3,000.00) per month from October 01, 2017 to September 30, 2018; and Three Thousand Two Hundred Dollars ($3,200.00) per month from October 01, 2018 to December 31, 2018.

     Plaintiff LING QIANG YE's unpaid wage and overtime compensation shortfall without liquidated damages under the FLSA was Fourteen Thousand Eight Hundred Twenty-Eight Dollars And Seventeen Cents ($14,828.17) and his unpaid wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was Seventy Thousand Six Hundred Thirty-Two Dollars And Twelve Cents ($70,632.12). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Twenty-One Thousand Two Hundred Thirty-Four Dollars And Forty-Six Cents ($21,234.46) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is One Hundred Seventy-Two Thousand Four Hundred Ninety-Eight Dollars And Sixty-Nine Cents ($172,498.69).

     Plaintiff LING HUI YE claimed that he worked approximately fifty-six (56) hours on average each week from August 20, 2019 to April 26, 2020; and he was paid Three Thousand Two Hundred Dollars ($3,200.00) per month from August 20, 2019 to

Hon. Steven M. Gold
Page 4

October 31, 2019; and Three Thousand Three Hundred Dollars ($3,300.00) per month from November 01, 2019 to April 26, 2020.

    Plaintiff LING HUI YE's unpaid wage and overtime compensation shortfall without liquidated damages under the FLSA was Three Thousand Nine Hundred Thirty-Nine Dollars And Sixteen Cents ($3,939.16) and his unpaid wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was Eight Thousand Four Hundred Six Dollars And Ninety-Two Cents ($8,406.92). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Five Hundred Seventy-Seven Dollars And Sixty-Five Cents ($577.65) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Twenty-Seven Thousand Three Hundred Ninety-One Dollars And Fifty Cents ($27,391.50).

    Plaintiff WEN KE YE claimed that he worked approximately seventy-four (73.5) hours on average each week from April 01, 2011 to April 29, 2020; and he was paid Two Thousand Six Hundred Dollars ($2,600.00) per month from January 01, 2014 to December 31, 2015; Two Thousand Seven Hundred Dollars ($2,700.00) per month from January 01, 2016 to October 31, 2019; and Two Thousand Eight Hundred Dollars ($2,800.00) per month from November 01, 2019 to April 29, 2020.

    Plaintiff WEN KE YE's unpaid wage and overtime compensation shortfall without liquidated damages under the FLSA was Sixteen Thousand Four Hundred Sixty-Eight Dollars And Forty-Four Cents ($16,468.44) and his unpaid wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was Eighty-Six Thousand Six Hundred Fifteen Dollars And Seventy-Three Cents ($86,615.73). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Twenty-Six Thousand Thirty-Nine Dollars And Sixty-Nine Cents ($26,039.69) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Two Hundred Nine Thousand Two Hundred Seventy-One Dollars And Fourteen Cents ($209,271.14).

    Plaintiffs' Damages Calculation is attached hereto as Exhibit 02.

    After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Three Hundred Thousand Dollars ($300,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, deny that Plaintiff completed more than 40 hours of work in each given pay period and deny any wage notice or other notice liability. Defendants' are entering this settlement to avoid uncertain results and litigation costs. However, even if Plaintiffs are successful, in showing that they worked over 40 hours in any given pay period, Defendants' would still contend that they would not be liable for liquidated damages.

Plaintiffs are not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiffs' double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiffs are not entitled to any liquidated damages.

### III.  The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Three Hundred Thousand Dollars ($300,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiffs, are documented to the amount of One Thousand Five Hundred Twenty-Five Dollars And Fifty-Six Cents ($1,525.56). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Two Hundred Ninety-Eight Thousand Four Hundred Seventy-Four Dollars And Forty-Four Cents ($298,474.44).

Of the Net Settlement Amount, One Third (1/3), or Ninety-Nine Thousand Four Hundred Ninety-One Dollars And Forty-Eight Cents($99,491.48), is due to Plaintiffs' attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand Five Hundred Twenty-Five Dollars And Fifty-Six Cents ($1,525.56) for a total of One Hundred One Thousand Seventeen Dollars And Four Cents ($101,017.04). Of the Net Settlement Amount, Two Thirds (2/3), or One Hundred Ninety-Eight Thousand Nine Hundred Eighty-Two Dollars And Ninety-Six Cents($198,982.96) is due to Plaintiffs. In

Hon. Steven M. Gold
Page 6

this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

 Of the Settlement Amount due to Plaintiffs:

  01) Thirty-One And Sixteen Hundredth Percent (31.16%), or Sixty-Two Thousand Dollars ($62,000.00) is due to Plaintiff LING QIN YE;

  02) Thirty-One And Sixteen Hundredth Percent (31.16%), or Sixty-Two Thousand Dollars ($62,000.00) is due to Plaintiff LING QIANG YE;

  03) Six And Fifty-Two Hundredth Percent (6.52%), or Twelve Thousand Nine Hundred Eighty-Two Dollars And Ninety-Six Cents ($12,982.96) is due to Plaintiff LING HUI YE; and

  04) Thirty-One And Sixteen Hundredth Percent (31.16%), or Sixty-Two Thousand Dollars ($62,000.00) is due to Plaintiff WEN KE YE; and ; and ; and .

 The Plaintiffs, who are blood relatives from the same hometown of Fujian, China, proposed and each agree to the above allocation, which distributes $62,000 each to LING QIN YE, LING QIANG YE, WEN KE YE, and the remainder net recovery, namely $12,982.96 going to LING HUI YE. This distribution broadly aligns with Plaintiffs' entitlement under the FLSA/ NYLL damages.

 The retainer agreements agreed to and signed by Plaintiffs provided that Plaintiffs' counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

 For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Hon. Steven M. Gold
Page 7

Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | **Hamra Law Group PC** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

/s/ John Troy
John Troy, Esq.
41-25 Kissena Blvd., Suite 103
Flushing, NY 11355
Tel.: 718 762 1324

Ibrahim Abohamra, Esq., Esq.
32 Broadway, Suite 1818
New York, NY 10004
Tel: 6465900571