UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
LING QIN YE, LING QIANG YE, LING HUI YE,
and WEN KE YE, *on their own behalf and on
behalf of others similarly situated*,

                        Plaintiffs,

                    v.

FUJI HANA RESTAURANT CORP., *doing
business as* FUJI HANA KOSHER JAPANESE
RESTAURANT, *doing business as* FUJI HANA,
LORRAINE GINDI, and RAYMOND BETESH, as
executor of the ESTATE OF ISADORE GINDI,

                        Defendants.
-----------------------------------------------------------------

**ORDER**
20-CV-2749 (MKB) (SJB)

MARGO K. BRODIE, United States District Judge:

        Plaintiffs Ling Qin Ye, Ling Qiang Ye, Ling Hui Ye, and Wen Ke Ye (collectively, "Plaintiffs"), on their own behalf and on behalf of other similarly situated plaintiffs, commenced the above-captioned action on June 21, 2020, against Defendants Fuji Hana Restaurant Corp., doing business as Fuji Hana Kosher Japanese Restaurant and as Fuji Hana, Lorraine Gindi, and the Estate of Isadore Gindi[1] (collectively, "Defendants"). (Compl., Docket Entry No. 1.) Plaintiffs allege that Defendants "willfully and intentionally committed widespread violations of [the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*] and [New York Labor Law §§ 650 *et. seq.*] by engaging in [a] pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty . . . each workweek." (*Id.* ¶¶ 1–2.)

---

[1] On January 11, 2021, the parties entered a stipulation to amend the captioned parties to reflect the name of the executor of the Estate of Isadore Gindi — Raymond Betesh. (Stipulation to Amend Caption, Docket Entry No. 29.)

The parties settled the dispute through court-annexed mediation on December 10, 2020, (Report of Mediation dated Dec. 10, 2020), and filed a joint motion requesting Court approval of the resulting settlement agreement on January 11, 2021. (Joint Fairness Letter Motion, Docket Entry No. 30.) The parties have agreed to settle the action for $300,000. (Settlement Agreement, annexed to Joint Fairness Letter Motion as Ex. 1, Docket Entry No. 30-1, ¶ 1.) Plaintiffs will recover $198,982.96, and Plaintiffs' counsel will recover $1,525.56 in costs and $99,491.48 in fees. (*Id.*) Because Plaintiffs maintain that they are entitled to damages totaling $583,708.55, (Damages Calculation for Plaintiffs 1, annexed to Joint Fairness Motion as Ex. 2, Docket Entry No. 30-2), the settlement amount represents a recovery for Plaintiffs of approximately thirty-four percent of the total damages sought.

On January 13, 2021, the Court referred the motion to approve the settlement agreement to Magistrate Judge Sanket J. Bulsara for report and recommendation, (Order dated January 13, 2021), and the *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) hearing was held before Judge Bulsara on February 8, 2021. (Order dated Feb. 9, 2021.) By report and recommendation dated March 16, 2021 (the "R&R"), Judge Bulsara found "the terms of the settlement [to be] fair and reasonable and otherwise satisfy the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012)." (R&R (citing *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (instructing that *Wolinsky* factors guide fairness inquiry)).) Accordingly, Judge Bulsara recommended that the Court approve the settlement. (*Id.*)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

2

28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

3

**II.   Conclusion**

Accordingly, the Court adopts the R&R and approves the settlement agreement.  The Clerk of Court is respectfully directed to close this case.

Dated: May 7, 2021
        Brooklyn, New York

SO ORDERED:


   s/ MKB
MARGO K. BRODIE
United States District Judge

4